Composite Exhibit "A"



# Case #2020CV04348

**Name**: ERIC ORTIZ

**Date Filed** : 9/11/2020

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 010

**Docket Type** : DEBT/CONTRACT-OTHER

**Business Name** : 2020CV04348

**Style** : ERIC ORTIZ

**Style (2)** : vs MIDLAND CREDIT MANAGEMENT INC

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00002 | 9/23/2020 | AFFIDAVIT<br>OF SERVICE - MIDLAND CREDIT MANAGEMENT INC |
| S00001 | 9/17/2020 | CITATION<br>MIDLAND CREDIT MANAGEMENT INC<br>ISSUED: 9/17/2020 RECEIVED: 9/18/2020<br>EXECUTED: 9/18/2020 RETURNED: 9/23/2020 |
| P00001 | 9/11/2020 | PLAINTIFF ORIGINAL PETITION<br>CLASS ACTION PETITION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND TEXAS DEBT COLLECTION ACT AND DEMAND FOR JURY TRIAL |

E-FILED
Bexar County, County Clerk
Lucy Adame-Clark
Submission Date: 9/11/2020 12:03 PM
Accepted Date: 9/14/2020 8:36 AM
Accepted By: Valerie Tristan
/s/ Valerie Tristan
Deputy Clerk

2020CV04348

| | | |
|---|---|---|
| Eric Ortiz, individually and on behalf of all others similarly situated, | Cause No. § § § § | In the County Court |
| *versus* | § § § § | At Law Number CC# 10 |
| Midland Credit Management, Inc. | § § § § § | Bexar County, Texas |

### CLASS ACTION PETITION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND TEXAS DEBT COLLECTION ACT AND DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Eric Ortiz, on behalf of himself and all others similarly situated, files this Original Petition against Defendant, Midland Credit Management, and in support thereof, would respectfully show this honorable Court and jury the following:

### I.   PRELIMINARY STATEMENT

1. This action arises from the illegal practices engaged in by Defendant, in the course of attempting to collect consumer debts, which violate the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code § 392 *et seq.*

2. Due to the state of disaster as declared by the Govenor, and per the Texas Supreme Court's emergency orders the statute of limitations on Plaintiff's claims are tolled until September 15, 2020.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection

practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA focuses on the conduct of the debt collector and not on the merits of the alleged debt. Whether a debt is actually owed has no relevance to whether the debt collector complied with the FDCPA. Consequently, the individuals from who debt collectors seek payment are defined as "consumers." 15 U.S.C. § 1692a.

5. The FDCPA, at 15 U.S.C. § 1692c, limits when and with whom a debt collector may communicate when attempting to collect a debt and, unless expressly permitted under § 1692c, 15 U.S.C. § 1692b restricts a debt collector's communications with third parties to obtaining "location information" about the consumer.

6. When collecting or attempting to collect a debt, the FDCPA demands the debt collector treat people respectfully, honestly, and fairly by proscribing its use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

7. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g(a).

8. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated" or "least sophisticated" consumer. *Goswami v. Am. Collections Enter., Inc.,* 377 F.3d 488, 495 (5th Cir. 2004). Consistent with both standards, the Fifth Circuit assumes the debtor is "neither shrewd nor experienced in dealing with creditors." *Id*. The Fifth Circuit seeks to protect "all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices." *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997).

9. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. 15 U.S.C. § 1692k(a). Statutory damages are limited: a plaintiff may recover no more than $1,000; a class may recover no more than $500,000 or 1% of the debt collector's net worth, whichever is less. *Id.*

10. The TDCA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. Tex. Bus. & Com. Code Ann § 17.50; *Cushman v. GC Services, L.P.*, 397 Fed. Appx. 24 (5th Cir. 2010) (discussing the "tie-in" provision between the TDCA and deceptive practices Acts).

11. Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages, injunctive relief, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, TDCA, and all other common law or

statutory regimes.

## II.     DISCOVERY CONTROL PLAN

10. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## III.     PARTIES

12. Plaintiff, Eric Ortiz, is a natural person.

13. At all times relevant to this complaint Plaintiff was a citizen of, and resided in, the City of San Antonio, Bexar County, Texas.

14. Defendant, Midland Credit Management, Inc., is a for profit Kansas corporation and, on information and belief, is registered to transact business in Texas.

15. A principal business location of Midland is 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108

16. Midland may be served with process via its registered agent Corporation Service Company d/b/a CSC-Lawyers Inc. at 211 E. 7th Street, Suite 620 Austin, Texas 78701.

## IV.     VENUE AND JURISDICTION

17. Venue is appropriate in Bexar County, Texas because all or a substantial part of the acts or omissions giving rise to the causes of action were committed in Bexar County, Texas and the Plaintiff is located in Bexar County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice and Remedies Code § 15.002.

18. This Court has jurisdiction of Plaintiff's claims as it is a court of competent jurisdiction per 15 U.S.C. § 1692k(d) and Plaintiffs' damages are within this Court's jurisdictional limits.

## V.     FACTS

19.     Midland is a bulk purchaser of portfolios of defaulted consumer debt from banks and finance companies, as well as other debt buyers, for pennies on the dollar.

20.     After purchasing defaulted consumer debts from third parties, Midland undertakes to liquidate those debts by filing lawsuits to collect them.

21.     On information and belief, Midland has been the plaintiff in more than 10,000 lawsuits in state courts in Texas in the twelve months prior to filing this lawsuit.

22.     Filing a lawsuit is a hard expense to Midland.

23.     To avoid spending money on a debt that may not be recoverable, Midland sends letters attempting to settle debts before filing suit.

24.     Midland has a series of no less than four letters its sends to consumers.

25.     This course of letters begins at or around the time Midland acquires a debt.

26.     This course of letters ends with a series of "pre-litigation" letters.

27.     This lawsuit concerns one of these "pre-litigation" letters.

28.     The letter, attached as Exhibit A, with appropriate redactions, states that its is the "FINAL NOTICE."



29.     This letter further states "ATTORNEY REVIEW PLANNED."

**ATTORNEY REVIEW PLANNED**

30. All of this verbiage is intended to invoke fear in a consumer that an attorney will review their file and make the decision to sue.

31. This letter in the words of the 7th Circuit is designed to raise "the price of poker."[1]

32. On information and belief Midland's "attorney review" is immaterial.

33. Midland review process consists of a lawyer scrolling through a spreadsheet.

34. No attorney employed by Midland reviews a consumer's account documents in deciding whether to file suit.

35. The letter goes on to describe how Midland's attorney will sue Ortiz, serve him, and seek to obtain a judgment.

36. Once a judgment is obtained Midland's letter states:

> **How could a judgment impact you?**
> If we receive a judgment, you may be responsible for court costs and post-judgment interest charges. In addition, we may choose to attempt the following post-judgment remedies:
> - Obtain a lien against your property
> - Garnish your bank account(s)
> - Obtain information about your assets, which could be done by a notice request, deposition, or a subpoena to appear in court

37. This is false.

38. A judgment does not give Midland the ability to obtain a lien against Ortiz's property.

39. Under Texas law, Ortiz and all other Texans enjoy broad exemptions.

---

[1] An unsophisticated consumer, getting a letter from an "attorney," knows the price of poker has just gone up. And that clearly is the reason why the dunning campaign escalates from the collection agency, which might not strike fear in the heart of the consumer, to the attorney, who is better positioned to get the debtor's knees knocking. *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996)

40. These exemptions include Ortiz's home, vehicle, personal property, two firearms, and other assets. [2]

41. Midland's unqualified statement that it can obtain a lien against Ortiz's property is false and misleading.

42. Midland uses the Letter as a deceptive and unfair collection ploy to trick consumers into calling it at which time the Midland engages in deceptive and unfair conduct to scare unsophisticated consumers into entering into unfavorable payment agreements.

## VI. CLASS ALLEGATIONS

43. Defendant's conduct is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by Plaintiff, individually and on behalf of all other persons similarly situated, pursuant to Rule 42 of the Texas Rules of Civil Procedure.

44. *Class Definition.* The Class is defined as:

> All natural persons to whom Midland Credit Management, Inc. mailed a written communication in the form of *Exhibit A* to a Texas address during the Class Period.

45. The identities of Class members are readily ascertainable from the business records of Midland.

46. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 42 of the Texas Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

(b) *Common Questions Predominate.* Common questions of law and fact exist as to

---

[2] *See* Tex. Prop. Code §§ 41 and 42.

all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by Defendant with respect to each Class member.

    (c) ***Typicality.*** Plaintiff's claims are typical of the Class because those claims arise from a common course of conduct engaged in by Defendant.

    (d) ***Adequacy.*** Plaintiff will fairly and adequately protect the interests of the Class members because he has no interests adverse to the interests of the Class members. Moreover, Plaintiff is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

47. Certification of a class under Rule 42(b)(3) of the Texas Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

48. Based on discovery and further investigation (including, but not limited to, disclosure by Defendant of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the Class and/or Class claims, and the Class period, seek class certification only as to particular issues as permitted under Tex. R. Civ. P. 42(d).

### VII.   COUNT ONE: VIOLATION OF THE FDCPA

49. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

50. Midland is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

51. The Debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

52. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3).

53. The Letter was a "communication" within the meaning of 15 U.S.C. § 1692a(2).

54. Midland's use and mailing of the Letter violated the FDCPA in one or more of the following ways:

    (a) Using false, deceptive, and misleading representations or means in connection with the collection of any debt in violation of 15 U.S.C. §1692e including, but not limited to, §§ 1692e(2), 1692e(5), and 1692e(10); and

    (b) Using unfair or unconscionable means in violation of 15 U.S.C. § 1692f including, but not limited to, §§ 1692f(1).

55. Plaintiff was deceived by the Letter and denied truthful and accurate information required by the FDCPA and suffered actual damages as a result of Defendant's conduct.

56. Midland's conduct invaded the rights of Plaintiff that are protected by the FDCPA, the invasion and/or deprivation of which caused an injury-in-fact.

57. Based on a single violation of the FDCPA, Defendant is liable to Plaintiff for such relief allowed under 15 U.S.C. § 1692k.

### VIII.   COUNT TWO: VIOLATION OF THE TDCA

58. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

59. Midland is engaged in the act and/or practice of "debt collection" as that term is defined by Tex. Fin. Code § 392.001(5).

60. Midland is a "debt collector" within the meaning of Tex. Fin. Code § 392.001(5).

61. Midland is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

62. The Debt is a "consumer debt" as defined by Tex. Fin. Code § 392.001(2).

63. Ortiz is a "consumer" within the meaning of Tex. Fin. Code § 392.001(1).

64. Midland violated the TDCA including but not limited to:

    1. Tex. Fin. Code § 392.304(a)(8) by misrepresenting the character, extent, or amount of a consumer debt and whether a legal obligation exists for the consumer to pay it;

    2. Tex. Fin. Code § 392.301(a)(7) by threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings;

    3. Tex. Fin. Code § 392.301(a) (8) by threatening to take an action prohibited by law; and

    4. Tex. Fin. Code § 392.304(a)(19) by using false, deceptive, and misleading representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

112. Midland's illegal conduct invaded the rights of Plaintiff which are protected by the TDCA, the invasion of which caused injury-in-fact.

## IX.    PRAYER FOR RELIEF

114. WHEREFORE, Plaintiff respectfully requests the Court enter judgment in his favor and against Defendant. Specifically, Plaintiff requests an Order:

A. *With respect to Court One*:

   (a) Certifying that this action may be maintained as a class action pursuant to Tex. R. Civ. P. 42 including defining the Class, defining the class claims, and appointing Plaintiff's attorneys as class counsel;

   (b) Awarding such actual damages as may be proven to Plaintiff and to the

        members of the Class pursuant to 15 U.S.C. § 1692k(a)(1);

(c)     Awarding statutory damages to Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A) and § 1692k(a)(2)(B)(i);

(d)     Awarding of statutory damages for the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

(e)     An incentive award for Plaintiff, in connection with his services to the Class in an amount to be determined by the Court after judgment is entered in favor of the Class;

(f)     Adjudging this action to be a successful action under 15 U.S.C. § 1692k(a)(2)(B)(3) and awarding reasonable attorneys' fees including litigation expenses;

(g)     Awarding costs of suit as allowed by law;

(h)     Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff and/or the Class, a sum sufficient to ameliorate such consequences; and,

(i)     For such other and further relief as may be just and proper.

**B. *With respect to Count Two:***

(i)     Certifying that this action may be maintained as a class action pursuant to Tex. R. Civ. P. 42 including defining the class, defining the class claims, and appointing Plaintiff's attorneys as class counsel;

(ii)     Awarding injunctive relief to prevent or restrain further violations of Chapter 392 of the Texas Finance Code pursuant to Tex. Fin. Code § 392.403(a)(1);

    (iii)    Awarding such actual damages as may be proven by Plaintiff and by the members of the Class pursuant to Tex. Fin. Code § 392.403(a)(2);

    (iv)    An incentive award for Plaintiff, in connection with hisshe services to the Class in an amount to be determined by the Court after judgment is entered in favor of the Class;

    (v)    Adjudging Plaintiff to have successfully maintained an action under Tex. Fin. Code § 392.403(a), and awarding reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403(b);

    (vi)    Awarding costs of suit as allowed by law; and

    (vii)    Awarding, to the extent the recovery of attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3) causes a negative tax consequence to Plaintiff and/or the Class, a sum sufficient to ameliorate such consequences; and,

    (viii)    For such other and further relief as may be just and proper.

## X.    JURY DEMAND

115.    Demand is hereby made for trial by jury.

Respectfully submitted,

*s/ William M. Clanton*

Dated: September 11, 2020

William M. Clanton (TX Bar No. 24049436)
LAW OFFICE OF BILL CLANTON, P.C.
926 Chulie Drive
San Antonio, TX 78216
Telephone: (210) 226-0800
Facsimile: (210) 338-8660
E-Mail: bill@clantonlawoffice.com

*Attorney for Plaintiff, Eric Ortiz*

**MCM Midland Credit Management**

350 Camino De La Reina Suite 1
San Diego, CA 92108
MidlandCredit.com

**ATTORNEY REVIEW PLANNED**

07-12-2019



Pre-Legal Department
Ph: (800) 939-2353
Sun-Th: 5am-9pm PT
Fri-Sat: 5am-4:30pm PT

Eric Ortiz
San Antonio, TX  78223-1109

### IMPORTANT NOTICE - PLEASE READ CAREFULY
### FAILURE TO REPLY WILL RESULT IN ATTORNEY REVIEW

RE: Comenity Capital Bank     Gamestop
Reference MCM Account Number: ▮▮▮▮▮▮202
Current Owner: Midland Funding LLC

Dear Eric,
This is a demand for full payment of $2,267.78. Please call our Pre-Legal department at (800) 939-2353 by 08-06-2019 to resolve this account. If you do not reply, we plan on sending your account to an attorney in the state of TX.

**What will an attorney do?**
We intend to have a lawsuit filed against you. Before a lawsuit can be filed, an attorney must review your account. If the attorney determines there is cause for a suit, they will:
- Commence a lawsuit in a local court
- Serve a copy of the lawsuit personally on you, which could be done by a process server, a sheriff, or other means
- Seek to obtain a judgment

**How could a judgment impact you?**
If we receive a judgment, you may be responsible for court costs and post-judgment interest charges. In addition, we may choose to attempt the following post-judgment remedies:
- Obtain a lien against your property
- Garnish your bank account(s)
- Obtain information about your assets, which could be done by a notice request, deposition, or a subpoena to appear in court

**What are my options?**
We want to help you resolve this matter voluntarily. With flexible payment options tailored to your needs, we will work to avoid sending your account to an attorney.

Contact us today at (800) 939-2353 to discuss what options are available.

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

PS. Your prompt attention is necessary to avoid the possibility of attorney review. Call (800) 939-2353 by 08-06-2019.

We are not obligated to renew any offers provided
**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**

---

MCM Account Number: ▮▮▮▮▮▮202
Current Balance: $2,267.78
Total Enclosed: $ _____ . __

**Manage Your Account Online**
MidlandCredit.com

**Important Payment Information**

Make checks payable to:
Midland Credit Management
Enter your MCM Account # on all payments

**(800) 939-2353**

se habla espanol
(877) 265-3899

Mail Payments to:
Midland Credit Management, Inc
P.O. Box 51319
Los Angeles, CA 90051-5619

12   ▮▮▮▮▮▮202

RC3C

**Important Disclosure Information:**

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

### Basic Information

| | | | |
|---|---|---|---|
| Original Creditor | Comenity Capital Bank | MCM Account Number | 202 |
| Original Account Number | 072 | Charge-Off Date | 10-31-2018 |
| Current Creditor *The sole owner of this debt* | Midland Funding LLC | Current Servicer | Midland Credit Management, Inc. |

### Important Contact Information

| Send Payments to: | Send disputes or an instrument tendered as full satisfaction of a debt to: | Physical Payments for Colorado Residents: |
|---|---|---|
| Midland Credit Management, Inc P.O. Box 51319 Los Angeles, CA 90051-5619 | Attn: Consumer Support Services 320 East Big Beaver Rd Suite 300 Troy, MI 48083 You may also call: (800) 939-2353 | 80 Garden Center Suite 3 Broomfield, CO 80020 Phone (303) 920-4763 |

If your payment method is a credit card, it may be processed through our international card processor. Although our policy is to not charge consumers fees based upon their payment method, your card issuer may elect to do so due to the location of the card processor. If an international transaction fee has been charged by your card issuer, that fee is eligible for reimbursement. You may contact your Account Manager to modify your payment method to avoid these charges in the future and for information to initiate your reimbursement.

We are required under state law to notify consumers of the following additional rights. This list does not contain a complete list of the rights consumers have under applicable law:

**NMLS ID: 934164**

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU: NOTICE OF IMPORTANT RIGHTS:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to MCM.

**IF YOU LIVE IN MINNESOTA, THIS APPLIES TO YOU:** This collection agency is licensed by the Minnesota Department of Commerce.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728, 2022587, 2023151, 2023152, 2027429, 2027430, 2027431 and 2058507.

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, #3777, #111895, #112039, #113170, #113236 and #112678. Midland Credit Management, Inc. 320 E Big Beaver Rd. Suite 300, Troy, MI 48083

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

PROD

PRIVATE PROCESS

Case Number: 2020CV04348

2020CV04348 S00001

ERIC ORTIZ
VS.
MIDLAND CREDIT MANAGEMENT INC
(Note: Attached Document May Contain Additional Litigants.)

IN THE COUNTY COURT
AT LAW NO. 10
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: MIDLAND CREDIT MANAGEMENT INC
RA: CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INC
211 E. 7TH STREET, SUITE 620
AUSTIN, TX 78701

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 11th day of September, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 17TH DAY OF SEPTEMBER, A.D., 2020.

WILLIAM M CLANTON
ATTORNEY FOR PLAINTIFF
926 CHULIE DR
SAN ANTONIO, TX 78216-6522



LUCY ADAME-CLARK
County Clerk of Bexar County, Texas
Bexar County Courthouse
100 Dolorosa Suite 104
San Antonio, Texas 78205

By: *Enrique Caballero*, Deputy

---

| ERIC ORTIZ VS MIDLAND CREDIT MANAGEMENT INC | Officer's Return | Case Number: 2020CV04348 Court: County Court at Law No. 10 |

I received this CITATION on the_____ day of_____, 20_____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION on the date of delivery endorsed and to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DKC001)

PRIVATE PROCESS

Case Number: 2020CV04348

2020CV04348 S00001

**ERIC ORTIZ**
**VS.**
**MIDLAND CREDIT MANAGEMENT INC**
(Note: Attached Document May Contain Additional Litigants.)

IN THE COUNTY COURT
AT LAW NO. 10
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: MIDLAND CREDIT MANAGEMENT INC
RA: CORPORATION SERVICE COMPANY DBA CSC-LAWYERS INC
211 E. 7TH STREET, SUITE 620
AUSTIN, TX 78701

**DELIVERED**
9 / 18 / 2020
By _____
Austin Process, LLC

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 11th day of September, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 17TH DAY OF SEPTEMBER, A.D., 2020.

WILLIAM M CLANTON
ATTORNEY FOR PLAINTIFF
926 CHULIE DR
SAN ANTONIO, TX 78216-6522



LUCY ADAME-CLARK
County Clerk of Bexar County, Texas
Bexar County Courthouse
100 Dolorosa Suite 104
San Antonio, Texas 78205

By: *Enrique Caballero*, Deputy

---

| ERIC ORTIZ VS MIDLAND CREDIT MANAGEMENT INC | **Officer's Return** | Case Number: 2020CV04348 Court: County Court at Law No. 10 |

I received this CITATION on the _____ day of _____, 20____ at _____ o'clock ____M. and ( ) executed it by delivering a copy of the CITATION on the date of delivery endorsed and to _____, in person on the _____ day of _____, 20_____ at _____ o'clock ___M. at: _____ or ( ) not executed because _____.

Fees: _____ Badge/PPS #: _____ Date certification expires: _____

_____ County, Texas
By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____, 20_____.

_____
Declarant

RETURN TO COURT(DKC001)